RuffiN, Judge.
 

 I think the daughter,
 
 Polly Harriet,
 
 took a vested interest. The gift is by distinct words, importing an immediate bequest. It seems to me, that the subsequent clause is confined to the payment or personal possession of property; and so falls within the common rule. The first part certainly gives a present interest. Then come the words,
 
 “
 
 my will is, if my said daughter arrive to the age of eighteen years, for her to receive her said legacy that I have left to her, and take possession of it.”
 
 “
 
 Receive and take possession” are equivalent to “ shall then be paid.” But it is said that if is a word of contingency, and by annexing it to the period of payment upon an uncertain event, namely, her iving to a certain age, the happening of that event becomes of the essence of the bequest; and as the legatee died under that age, the legacy is never to he paid, or in other words never vested. There are cases, in which upon the plain intention of the will the general rule before mentioned must yield ; if it appear upon the whole will, that it was intended the legacy should be contingent, and not merely the payment postponed. Such was the case of
 
 Mackell
 
 v.
 
 Winter.
 
 (3
 
 Ves.
 
 236, 536.) But that was upon the effect of the ulterior limitation over of the whole residue, upon the death of the three grandchildren under age, which forced an implication of cross remainders between those grand-children, or rather that the fund was not to be divided
 
 ;
 
 but kept for those children, or that one who did arrive at full age. But why should we give such an effect to the terms by which the period of payment is designated here.
 
 If,
 
 tho’ generally denoting a condition, does not necessarily do so, if apparently not used in that sense. Here it is not referable to the interest in the legacy, but the enjoyment of it, and hy a distinct sentence. Naturally therefore the case fails within the general rule. What is there to show the testator had a different meaning from that upon which the rule is founded ? It is plain the testator did not mean to die
 
 *100
 
 intestate as to this legacy. Upon the death of the daughter without heir of her body, it is given over. And the contingency on which it is to go over, is not confined to ]ier dying without issue under eighteen ; hut to her so dying at any time, whether under or over that age. Nor can it be supposed that he meant it to fall within the residue, upon any event hut its abating by the death of all the takers, as well the remainder-men as the daughter. Yet if she had died under eighteen,
 
 accordingto
 
 the other construction, and had left a child neither the first nor -second takers could have it: the first, because she did not attain the requisite age; the second, because the daughter had left issue. And then it would either go to the next of kin, or the residuary legatees. We may safely say, the testator could not mean
 
 that;
 
 and if not, it seems to follow that the legacy vested in the daughter
 
 ;
 
 because that is the only construction which can prevent the other. The testator might well postpone the payment or possession to eighteen, and then direct it, because that is a usual age of marriage in this country. But when he gives over the property expressly upon her dying without issue, he could not mean that if she had issue at any time, she should not have it in her power to provide for it. This is the prevailing circumstance which governs me. It has controlled the construction of many wills. But there is another, which has no little influence. The legacy is a provision for an infant daughter, for whose support and education no other provision is made
 
 ;
 
 and unless this legacy vested so as to give her the profits, (there being no intermediate disposition of it to another,) she would be wholly destitute. Did the father intend that ? Besides, there is another reason, which is certainly slight and verbal, yet helps on to the same conclusion. The testator uses the words
 
 revert lack,
 
 when he creates the remainder; which presupposes a vested title to have been in the daughter. Upon the whole, I conclude, that the daughter took a vested interest, subject to be divested upon the contingency of her death without issue ; in which case there is a limitation over. But as the contingency is too remote, her interest remains absolute.
 

 
 *101
 
 Per Curiam — Declare that
 
 Polly Harriet Pridgeon
 
 took under the will in the pleadings mentioned, a vested and transmissible interest in the legacy bequeathed to her therein, determinable upon the contingency of her dying without issue ; and that the said contingency being too remote, the said
 
 Polly Harriet
 
 took an absolute interest therein, and reserve the cause for further directions.